IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re Imperial Sugar Company Securities Litigation | ) | |
| | ) | |
| | ) | Civil Action No. 4:11-CV-03250 |
| | ) | |
| | ) | JUDGE LEE H. ROSENTHAL |

**MEMORANDUM IN SUPPORT OF MOTION OF CARPENTERS PENSION FUND OF ILLINOIS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD AND LIAISON COUNSEL**

## I.      PRELIMINARY STATEMENT

Presently pending in this District is a consolidated class action lawsuit (the "Action") brought on behalf of all those who purchased or otherwise acquired Imperial Sugar Company ("Imperial Sugar" or the "Company") common stock between December 9, 2010 and August 5, 2011, inclusive (the "Class Period").  The Action alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Proposed lead plaintiff Carpenters Pension Fund of Illinois (the "Illinois Carpenters")  hereby moves this Court for an order: (i) appointing it as Lead Plaintiff in the Action pursuant to the PSLRA; and (ii) approving its selection of the law firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") to serve as Lead Counsel and the law firm of Schwartz, Junell, Greenberg & Oathout, LLP ("Schwartz Junell") to serve as Liaison Counsel.

This motion is made on the grounds that the Illinois Carpenters is the most adequate plaintiff as defined by the PSLRA.  The Illinois Carpenters suffered losses of $501,207 in connection with its purchases of Imperial Sugar stock during the Class Period.  *See* Greenberg Decl. Ex. B.[1]  In addition, the Illinois Carpenters, for the purposes of this motion, adequately satisfies the requirements of Federal Rule of Civil Procedure 23 in that its claims are typical of the claims of the putative class and that it will fairly and adequately represent the interests of the class.  Accordingly, the Illinois Carpenters' motion should be granted.

## II.     FACTUAL BACKGROUND

Imperial Sugar refines, packages and distributes cane sugar at refineries located in the states of Georgia and Louisiana. Imperial Sugar also markets sugar and other sweeteners in Mexico and Canada through its joint venture operations.

The complaint alleges that, during the Class Period, defendants issued materially false and misleading statements regarding the Company's business and prospects.  Specifically, defendants misrepresented and/or failed to disclose that:  (a) the Company was experiencing a known but undisclosed reduction in customer demand for its products resulting from Mexican and other sugar refiners selling sugar products into Imperial Sugar's markets at steeply discounted prices; (b) the decline in the Company's sales volumes during the Class Period was primarily due to a lack of customer demand ensuing from forays by competitors selling lower-priced products into Imperial Sugar's markets and not due to Company refinery production supply constraints; (c) as a result of the foregoing, Imperial Sugar was experiencing a significant decline in its gross margins, particularly in

---

[1]     References to the "Greenberg Decl. Ex. ___" are to the exhibits attached to the accompanying Declaration of Roger B. Greenberg in support of Motion of Carpenters Pension Fund of Illinois for Appointment as Lead Plaintiff and Approval of Selection of Lead and Liaison Counsel, dated October 31, 2011, and submitted herewith.

the second half of the Class Period; (d) the Company's Port Wentworth, Georgia refinery was experiencing ongoing operating defects that resulted in higher production costs and adversely impacted Imperial Sugar's gross margins; (e) defendants' representations about the Company's disclosure controls were materially false and misleading; and (f) based on the foregoing, defendants lacked a reasonable basis for their positive statements about the Company and its business prospects during the Class Period.

On August 5, 2011, Imperial Sugar announced its operating results for the quarter ended June 30, 2011.  That same day, Imperial Sugar filed with the United States Securities and Exchange Commission its Form 10-Q for the quarter ended June 30, 2011, which revealed that the Company's industrial sales volumes had declined by more than 40% from the same prior year period.

Following the Company's 2011 fiscal third quarter earnings announcement, defendants held a conference call with securities analysts for investors where they revealed that:  (i) the Company's 2011 industrial orders, and hence, its industrial sales volumes, were booked and therefore known to defendants well in advance of 2011; (ii) Imperial Sugar had filled all of its existing orders during the June 2011 quarter, including its industrial orders; (iii) production at the Company's refineries did not limit its sales volumes; (iv) Imperial Sugar's Port Wentworth, Georgia refinery had experienced ongoing operating defects, resulting in higher production costs that adversely impacted the Company's gross margins; and (v) competitive pricing by low cost Mexican and other sugar refiners had a material adverse effect on the Company's sales and gross margins.

In response to these revelations, shares of the Company's common stock plummeted nearly 60%, from $23.19 per share on August 4, 2011 to $9.44 on August 5, 2011.

### III.   ARGUMENT

#### A.   The Illinois Carpenters Should Be Appointed Lead Plaintiff

##### 1.   The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a Lead Plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) & (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Here, the plaintiff in the first-filed action caused notice regarding the pendency of these actions to be published on *Business Wire*, a national, business-oriented newswire service, on September 1, 2011. *See* Greenberg Decl. Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§78u-4(a)(3)(A) & (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 440 (S.D. Tex. 2002).[2]

### 2.   The Illinois Carpenters Satisfies the "Lead Plaintiff" Requirements of the PSLRA

#### a.   The Illinois Carpenters Has Complied with the PSLRA and Should Be Appointed Lead Plaintiff

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on September 1, 2011), the Illinois Carpenters timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class by the October 31, 2011 deadline.  An authorized representative of the Illinois Carpenters has duly signed a certification stating that the Illinois Carpenters is willing to serve as the representative party on behalf of the class.  *See* Greenberg Decl. Ex. C.  In addition, the Illinois Carpenters has selected and retained competent counsel to represent it and the class.  *See* Greenberg Decl. Exs. D-E.  Accordingly, the Illinois Carpenters has satisfied the individual requirements of the PSLRA and is entitled to have its application for appointment as Lead Plaintiff and selection of Lead and Liaison Counsel as set forth herein, considered and approved by the Court.

#### b.   The Illinois Carpenters Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* Greenberg Decl. Ex. C, the Illinois Carpenters purchased Imperial Sugar securities in reliance upon the materially false and misleading statements issued by the defendants and was

---

[2]      Unless otherwise noted, all citations are omitted and emphasis is added.

injured thereby. The Illinois Carpenters incurred a substantial $501,207 loss on its transactions in Imperial Sugar securities. The Illinois Carpenters thus has a significant financial interest in this case.

<strong>c.</strong>      <strong>The Illinois Carpenters Otherwise Satisfies Rule 23</strong>

According to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *In re Enron*, 206 F.R.D. at 441.

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. *Id*. ("Typicality and adequacy are directly relevant to the choice of the Lead Plaintiff as well as of the class representative in securities fraud class actions."). Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *Id*. at 441 ("Although the inquiry at this stage of the litigation in selecting the Lead Plaintiff is not as searching as the one triggered by a subsequent motion for class certification, the proposed Lead Plaintiff must make at least a preliminary showing that it has claims that are typical of those of the putative class and has the capacity to provide adequate representation for those class members."). The Illinois Carpenters satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Fed. R. Civ. P. 23(a)(3). Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See id.* at 441. "Typicality does not require a complete identity of claims. Rather, the critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality." *James v. City of Dallas, Tex.,* 254 F.3d 551, 571 (5th Cir. 2001); *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 435 (S.D. Tex. 2010).

The Illinois Carpenters satisfies this requirement because, just like all other class members, it: (1) purchased Imperial Sugar shares during the Class Period; (2) purchased Imperial Sugar shares in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, the Illinois Carpenters' claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The PSLRA directs this Court to limit its inquiry regarding the adequacy of the Illinois Carpenters to represent the class to the existence of any conflicts between the interests of the Illinois Carpenters and the members of the class. The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiffs and the class members; and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *See In re BP*, 758 F. Supp. 2d at 435 ("With regard to the adequacy requirement, differences between named plaintiffs and class members render the named plaintiffs inadequate representatives only if

7

those differences create conflicts between the named plaintiffs' interests and the class members' interests.").

Here, the Illinois Carpenters is an adequate representative of the class.  As evidenced by the injuries suffered by the Illinois Carpenters, which purchased Imperial Sugar shares at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of the Illinois Carpenters are clearly aligned with the members of the class, and there is no evidence of any antagonism between the Illinois Carpenters' interest and those of the other members of the class.  Further, the Illinois Carpenters has taken significant steps which demonstrate that it will protect the interests of the class: it has retained competent and experienced counsel to prosecute these claims.  In addition, as shown below, the Illinois Carpenters' proposed Lead and Liaison Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner.  Thus, the Illinois Carpenters *prima facie* satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this motion.

Moreover, the Illinois Carpenters, an institutional investor, is precisely the type of investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA:  "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent classmembers."  *In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001); *see also In re Waste Mgt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 411 (S.D. Tex. 2000).

### B.   The Court Should Approve the Illinois Carpenters' Choice of Lead Counsel

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class she seeks to represent.  15 U.S.C. §78u-4(a)(3)(B)(v).  To

that end, the Illinois Carpenters has selected Robbins Geller as Lead Counsel. Its predecessor firm - Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") - was at the helm of "the largest recovery ever in any class action – not just securities class actions but all class actions." *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 2008 WL 4178130 at *28 (S.D. Tex. Sept. 8, 2008). Judge Harmon further recognized that "[t]he experience, ability, and reputation of the attorneys of Coughlin Stoia is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country." *Id.* at 46. "Coughlin Stoia's track record of significant victories is unparalleled…." *Id.* Accordingly, based on Robbins Geller's experience, the Court can be assured that the interests of the class will be well represented. *See* Greenberg Decl. Ex. D.

Additionally, the Illinois Carpenters has selected Schwartz Junell, a firm with significant securities fraud class action experience, to serve as Liaison Counsel. *See* Greenberg Decl. Ex. E. Accordingly, the Court should approve the Illinois Carpenters' selection of counsel.

## IV. CONCLUSION

For all the foregoing reasons, the Illinois Carpenters respectfully requests that the Court: (i) appoint the Illinois Carpenters as Lead Plaintiff in the Action; (ii) approve its selection of Lead and Liaison Counsel as set forth herein; and (iii) grant such other relief as the court may deem just and proper.

DATED:  October 31, 2011                    SCHWARTZ, JUNELL, GREENBERG
                                              & OATHOUT, LLP


                                                     */s/ Roger B. Greenberg*
                                            _____

                                            ROGER B. GREENBERG
                                            State Bar No. 08390000
                                            Federal I.D. No. 3932
                                            THANE TYLER SPONSEL III
                                            State Bar No. 24056361
                                            Federal I.D. No. 690068
                                            Two Houston Center
                                            909 Fannin, Suite 2700
                                            Houston, TX  77010
                                            Telephone:  713/752-0017
                                            Facsimile: 713/752-0327

                                            [Proposed] Liaison Counsel for Plaintiff

                                            ROBBINS GELLER RUDMAN
                                              & DOWD LLP
                                            PATRICK J. COUGHLIN
                                            HENRY ROSEN
                                            DOUGLAS R. BRITTON
                                            655 West Broadway, Suite 1900
                                            San Diego, CA  92101
                                            Telephone:  619/231-1058
                                            619/231-7423 (fax)

                                            ROBBINS GELLER RUDMAN
                                              & DOWD LLP
                                            PAUL J. GELLER
                                            DOUGLAS WILENS
                                            Florida Bar No. 0079987
                                            120 East Palmetto Park Road, Suite 500
                                            Boca Raton, FL  33432
                                            Telephone:  561/750-3000
                                            561/750-3364 (fax)

                                            [Proposed] Lead Counsel for Plaintiff

10

CAVANAGH & O'HARA
JOHN T. LONG
407 East Adams Street
Springfield, IL 62701
Telephone: 217/544-1771
217/544-9894 (fax)

Additional Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on this 31st day of October, 2011, I electronically filed the foregoing *Memorandum in Support of Motion of Carpenters Pension Fund of Illinois for Appointment as Lead Plaintiff and for Approval of Selection of Lead and Liaison Counsel* with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

_____
*/s/ Roger B. Greenberg*
ROGER B. GREENBERG